IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEVIN J. JOHNSON,**

        **Petitioner,**

  vs.                                      Case No. 18-cv-1164-DRH

**T.G. WERLICH,**

        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence. Although the Petition is difficult to follow, it appears that Petitioner is serving 108 months for violating 18 U.S.C. § 922(g), unlawful transport of firearms. *United States v. Johnson*, 12-cr-40071-JES-JAG-1 (C.D. Ill. 2013) ("Criminal Case") (Doc. 1, p. 8). Petitioner's sentence was enhanced pursuant to United States Sentencing Guideline § 2K2.1. (Doc. 1, pp. 1, 10).

Petitioner was sentenced on November 26, 2013 after a jury verdict against him. (Criminal Case, Doc. 24, 30). He filed a Notice of Appeal on November 27, 2013. (Criminal Case, Doc. 33). The Seventh Circuit issued a published decision on August 27, 2014, affirming in part and reversing and remanding in part. *United States v. Johnson*, 765 F.3d 702, 705 (7th Cir. 2014). Petitioner also filed

1

a motion for resentencing in the Central District; it was denied as untimely. (Criminal Case, Doc. 57).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## **The Petition**

Petitioner alleges that he relies on *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016). He argues that *Mathis* addressed how a court should address the elements of a crime, and requires that a jury must find any grounds for a sentencing enhancement beyond a reasonable doubt; in Petitioner's telling, a judge cannot apply sentencing enhancements on his own or apply a lower evidentiary standard to his determination regarding the availability of an enhancement. (Doc. 1, pp. 1-2). In addition to *Mathis*, Petitioner also relies on *Richardson v. United States*, 526 U.S. 813 (1999) regarding his argument that his sentence was improperly enhanced. (Doc. 1, pp. 3-4). He further argues that the Federal Courts lack jurisdiction over his gun crime because the gun does not have the requisite relationship to interstate commerce, relying on *United States v.*

*Wang*, 222 F.3d 234 (6th Cir. 2000). (Doc. 1, pp. 10-14). Petitioner also argues that his sentence was improperly enhanced because the enhancement relied on dismissed, acquitted, or uncharged conduct pursuant to *Nelson v. Colorado*, 137 S.Ct. 1249 (U.S. 2017). (Doc. 1, pp. 23-27). Petitioner requests that his sentence be vacated, or in the alternative, that the enhancements be removed from his sentence. (Doc. 1, p. 29).

## **Discussion**

The purpose of this Order is not to address the merits of Petitioner's arguments, but rather to determine whether he has adequately triggered the savings clause. Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). In this case, Petitioner is clearly attacking his sentence. However, Petitioner argues that § 2255 is not available to him because *Mathis* was decided after the time for him to file a § 2255 motion had expired on November 27, 2015. (Doc. 1, p. 7). Petitioner concedes that it is "solely because of *Mathis* that petitioner is in a position to lodge an unobstructed challenge to his enhancements." *Id*. Therefore, the Court will not consider any other of Petitioner's citations for the purpose of determining whether he has triggered the savings clause.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Petitioner cannot satisfy the first *Davenport* requirement. Although his Petition states that he relies on *Mathis*, his arguments do not flow from that decision. *Mathis* addressed a challenge to a sentence under the Armed Career Criminal Act, 18 U.S.C. 924(e)("ACCA"). 136 S.Ct. at 2247. Courts have also applied *Mathis* to the career offender sentencing guidelines. *United States v. Edwards*, 836 F.3d 831, 834 n. 2 (7th Cir. 2016). Petitioner was not sentenced

4

under either the ACCA or the career offender guidelines. Petitioner was sentenced pursuant to 18 U.S.C. § 922(g) and enhanced under § 2K2.1(b)(6)(b). (Doc. 1, pp. 8, 10). Those provisions were not discussed in *Mathis*. Thus, *Mathis* is not applicable to his situation, and Petitioner cannot use *Mathis* to trigger the savings clause.

Moreover, the gist of the Petition appears to be that it was improper to subject Petitioner to a sentencing enhancement for use of a firearm during a crime when the underlying crime was never charged. This is precisely the issue raised on Petitioner's direct appeal. *Johnson*, 765 F.3d at 704. The Court of Appeals specifically found that "the government carried its burden of proving by a preponderance of the evidence that Johnson possessed a firearm in connection to another felony. The court made sufficient findings to subject Johnson to the four-level enhancement under § 2K2.1(b)(6)(b)." *Id*. at 710. Additionally, many of the other cases that Petitioner relies on were decided prior to 2014, when he filed his direct appeal. It is clear that Petitioner had a prior opportunity to raise the argument he makes here, and obtain judicial correction. This precludes him from triggering the savings clause.

The Court finds that Petitioner has failed to establish that he has triggered the savings clause in § 2255(e). Accordingly, the § 2241 Petition shall be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.09 10:03:39
-05'00'

**United States District Judge**